JOHN M. PHILLIPS, JR., and BEATRICE D. PHILLIPS, his wife, Plaintiffs, v. DELAWARE POWER & LIGHT COMPANY, a Delaware corporation, et al., Defendants.

*(May* 6, 1964.)

STIFTEL, J., sitting.

*Clement C. Wood* (of Allmond and Wood) for plaintiffs.

*William Prickett* (of Prickett and Prickett) for defendant, Delaware Power & Light Company.

Superior Court for New Castle County, No. 1512, Civil Action, 1962.

STIFTEL, Judge.

An explosion occurred at 2700 Thompson Place, Wilmington, Delaware, on January 12, 1962. Plaintiffs' complaint blames escaping gas from a main beneath the street which they allege was under the control of Delaware Power & Light Company ("the Power Company"). As a result of the explosion, plaintiffs claim that the entire contents of their house were destroyed.

Defendant, the Power Company, propounded interrogatory 9(d), which reads as follows:

"9. State item by item: (d) the prospective useful life of each item enumerated in Exhibit A to the amendment to your complaint captioned, 'Contents of House located at 2700 Thompson Place, Wilmington, Delaware', where such information does not appear in that amendment."

Plaintiffs' answer to interrogatory 9(d) is as follows:

"(d) Many of the items listed on the inventory, if they had not been destroyed by the negligence of the defendant, would have lasted the plaintiffs' lifetime. Prospective useable life of any item, absent destruction, is the care taken of the item. All items noted received excellent care."

Defendant moved to strike this answer, claiming that it is not responsive. Plaintiffs say the question calls for irrelevant evidence.

Plaintiffs listed hundreds of items as destroyed. They have also supplied to the Power Company the date they acquired each item, from whom they acquired it, and the amount paid for each item. However, the Power Company insists that it receive an estimate of the "prospective useful life of each item enumerated in Exhibit A to the amendment to * * * [the] complaint." The Power Company claims that this is necessary in order to determine the "depreciated value" of the items mentioned.

Normally, used clothing and similar personal effects and household effects have no fair market value. See *Lobell v. Paleg*, Mun.Ct., 154 N.Y.S.2d 709. Generally, the sum to which plaintiffs are entitled for such loss is the value to them based on their actual monetary loss resulting from their being deprived of the property. *Rafal v. Rafal*, Del.Ch., 198 A.2d 177. See Anno: 63 A.L.R.

240, 241.

One rule as to the measure of damages for such loss is the replacement value of the clothing and household articles adjusted to reflect actual value based on existing conditions. *Rafal v. Rafal,* supra. This method does not entitle plaintiffs to the value of new goods and articles, but takes into consideration the same kind of merchandise that had been in use for the same length of time and in the same condition. However, this is only one method of arriving at actual value and the Court, in its discretion, may permit the parties to resort to other known methods in ascertaining actual value. *Pennington v. Redman Van & Storage Co.,* 34 Utah 223, 97 P. 115. See Anno: 63 A.L.R. 240, 254. It is possible that the trial court may permit evidence pertaining to the "prospective useful life" of an item. Thus, in *Lobell v. Paleg,* supra, the Court, 154 N.Y.S. 2d at pp. 712, 713, decided that none of plaintiff's clothing had a "useful life" to her of more than three years.

At this stage of the proceedings, I cannot hold that the information requested in interrogatory 9(d) is irrelevant. This is a determination for the trial judge under the facts and circumstances of the case then existing. Consequently, I must decide that plaintiff's must answer the question to the extent that they can do so within reason. The present answer is inadequate and I permit plaintiffs to amend their answer so as to comply with the ruling herein.